McKinney, J.,
delivered the opinion of the Court.
This hill was filed to enjoin a judgment recovered by the defendants against the complainant, on a promissory note for $413.17, made by the latter to the former on the 14th day of April, 1854, payable six months-from date.
The consideration of the note was a quantity of oil sold by the agent of defendants to complainant, in the city of Memphis. The bill alleges that the agent of defendants, at the time of the sale, represented the oil to be what is called “machine oil,” and to be of goods quality, and suitable for that purpose. But that it was found, on examination, to be entirely unfit for the use for which it was purchased, and of little or no value.
The answer denies that the oil was unfit for the use for which it was purchased; and it is also denied, that the defendants’ agent made any representation to the complainant whatever, in respect to the kind or quality of the oil.
The proof of two witnesses establishes very fully the representations of the agent as to the description and quality of the oil as charged in the bill. The witness, Guthrie, proves that he purchased some of the oil from the complainant, and sent a barrel of it to the Memphis and Charleston Railroad; but it was returned to him as of no value, and the superintendent stated that it “nearly ruined his engines.”
The Chancellor dismissed the bill .on the ground, it is said, of want of jurisdiction to interpose after a, trial and judgment at law.
The decree ignores the effect of the act of 1851-2, *496 ch. 365, sec. 9. Before the passage of that act, it was the settled rule, that if a party neglected to make his defence at law, whether the defence were purely legal, or, from its nature, both legal and equitable, and no obstacle in the way of such defence existed in the legal forum, he could not afterwards avail himself of it in a Court of Equity. But this rule is so far changed by the act above referred to, that, at least, in all cases not unfit for the investigation of a Court of Equity, if the defendant neglect to avail himself of the objection to the jurisdiction, by demurrer, and answers to the merits of the bill, the objection is waived, and cannot afterwards be insisted on.
Such is the present case, the defendants having answered without exception to the jurisdiction, and they are now precluded from doing.so.
The case must be remanded for an account. From the allegations of the bill, the oil was not entirely worthless; and, therefore, the failure of consideration was only partial; consequently, the complainant must account for its reasonable value, with interest thereon.
Decree reversed.